IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. |
| | ) | 09-00341-01-CR-W-NKL |
| SHANE ADAMS, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION
## TO ACCEPT DEFENDANT'S GUILTY PLEA

On May 27, 2010, I held a change-of-plea hearing after this case was referred to me by United States District Judge Nanette Laughrey. I find that Defendant's plea was voluntary and therefore recommend that it be accepted.

### I. BACKGROUND

On November 10, 2009, an indictment was returned, charging Defendant with, inter alia, one count of being a felon in possession of firearms, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). A change-of-plea hearing was held on May 27, 2010. Defendant was present, represented by appointed counsel David Kelly. The government was represented by Assistant United States Attorney Mike Green. The proceedings were recorded and a transcript of the hearing was filed on June 2, 2010.

### II. AUTHORITY OF THE COURT

The authority of federal magistrate judges to conduct proceedings is created and defined by the Magistrates Act, 28 U.S.C. § 636. Besides certain enumerated duties, the Act provides that a "magistrate may be assigned such additional duties as are not inconsistent with the Constitution and

the laws of the United States." 28 U.S.C. § 636(b)(3).

The Eighth Circuit, following the reasoning of several other circuits, has held that magistrate judges may preside over allocutions and pleas in felony cases, so long as certain procedural safeguards are met. United States v. Torres, 258 F.3d 791, 795-96 (8th Cir. 2001); see also United States v. Dees, 125 F.3d 261 (5th Cir. 1997), United States v. Williams, 23 F.3d 629 (2d Cir. 1994). The reasoning applied by the appellate courts relies upon previous opinions by the United States Supreme Court that conducting jury *voir dire* falls within a magistrate judge's "additional duties" when the defendant has consented. See Torres, 258 F.3d at 795 (citing Peretz v. United States, 501 U.S. 923 (1991); Gomez v. United States, 490 U.S. 858 (1989)).

In Peretz, the Supreme Court held that when a defendant consents to a magistrate judge's involvement in *voir dire*, he waives any objection based on his right to have an Article III judge hear his felony case. 501 U.S. at 936. Moreover, the availability of *de novo* review by a district judge preserves the structural guarantees of Article III. Torres, 258 F.3d at 795. Applying the Peretz holding and adopting the reasoning of Williams, the Eighth Circuit held that the acceptance of guilty pleas bears adequate relationship to duties already assigned by the Magistrates Act in that "[a]n allocution is an ordinary garden variety type of ministerial function that magistrate judges commonly perform on a regular basis." Id. (quoting Williams, 23 F.3d at 633). Plea allocutions are substantially similar to evidentiary proceedings explicitly assigned by the Act. Id. at 796 (citing Dees, 125 F.3d at 265). Even if taking a guilty plea were considered to be of greater importance than those duties already assigned, the consent of the defendant saves the delegation. Id. "Consent is the key." Id. (quoting Williams, 23 F.3d at 633).

The Torres court also addressed the implications of such a delegation for Article III's case

and controversy clause. Id. Because plea proceedings are submitted to the district court for approval, the court retains ultimate control over the proceedings and is not bound to accept a plea taken by a magistrate judge. Id. Moreover, the district court's *de novo* review of the plea proceedings contributes to the ministerial nature of the magistrate judge's role. Id.

Based on the above, I find that, with the consent of the defendant, the District Court may properly refer a felony case to a Magistrate Judge for conducting a change-of-plea hearing and issuing a report and recommendation on whether the plea should be accepted.

### III. FINDINGS OF FACT

1. The parties consented to the delegation of the change of plea to the magistrate judge (Tr. at 2).

2. On November 10, 2009, an indictment was returned, charging Defendant with, inter alia, one count of being a felon in possession of firearms, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). The court read the charge against Defendant and Defendant indicated that he understood the nature of the charge (Tr. at 3-6).

3. If Defendant is a career criminal, the statutory penalty for this charge is not less than fifteen years but not more than life imprisonment, a fine of up to $250,000, a supervised release term of not more than five years, and a $100 mandatory special assessment fee (Tr. at 3). Defendant was informed of the penalty range and indicated that he understood (Tr. at 3-6).

4. Defendant was advised of the following:

   a. That he has a right to a trial by jury of at least 12 individuals and that their verdict must be unanimous (Tr. at 6);

   b. That he has the right to assistance of counsel throughout the trial (Tr.

at 6-7);

    c.    That Defendant is presumed innocent, and the government has the burden of coming forward to prove Defendant's guilt beyond a reasonable doubt (Tr. at 7);

    d.    That Defendant's attorney would have the opportunity to cross-examine the government's witnesses (Tr. at 7);

    e.    That Defendant has the right to testify but does not have to, and that the jury could not make an adverse inference from the fact that Defendant may not testify at trial (Tr. at 7-8);

    f.    That Defendant has the right to subpoena witnesses to testify on his behalf (Tr. at 8); and

    g.    That Defendant has the right to appeal any conviction to the Eighth Circuit Court of Appeals (Tr. at 21-22).

5.    Defendant was informed and understood that by pleading guilty, he was giving up all of the rights described above (Tr. at 8-9).

6.    Defendant was informed that during the change-of-plea proceeding, he would be placed under oath and questioned by counsel and the judge (Tr. at 9). Defendant was further informed that he must answer questions truthfully while under oath (Tr. at 9). Defendant stated that he understood (Tr. at 9).

7.    Government counsel stated that if this case were to be tried, the government's evidence would be that in mid-October, Buchanan County, St. Joseph, Missouri law enforcement officials received information that Defendant had been committing burglaries in the Buchanan

County area (Tr. at 10). They received information that Defendant was offering to sell stolen firearms to a confidential informant (Tr. at 10). Law enforcement decided to used the informant to purchase a stolen firearm from Defendant (Tr. at 10-11). The informant then set up the transaction (Tr. at 11). Defendant told the informant that he was staying in Room 18 of the Budget Inn in St. Joseph, Missouri (Tr. at 11). The informant met with Defendant at the Budget Inn, where Defendant showed him three firearms (Tr. at 11). Defendant sold the informant a Marlin Model 55 20-gauge shotgun, no serial number, for $150 (Tr. at 11). The informant left the motel room after the transaction was completed and drove to an area where law enforcement was waiting (Tr. at 11). Law enforcement recovered the shotgun (Tr. at 11).

St. Joseph police then obtained a state warrant for the room at the Budget Inn (Tr. at 11). The search warrant was executed on October 15, 2009 (Tr. at 11). Defendant came out of the room and was taken into custody (Tr. at 11). Two additional firearms were recovered - - a Mossberg 20-gauge shotgun R091327 and a Stevens Model 107B 20-gauge shotgun (Tr. at 11). Defendant was arrested, advised of his <u>Miranda</u> rights, and gave a statement (Tr. at 11). He confessed to committing burglaries and confessed that he had recently burglarized a residence and had stolen the firearms that were recovered from the motel room (Tr. at 11).

8. Defense counsel stated that he had reviewed the government's file and felt comfortable recommending his client plead guilty (Tr. at 9-10).

9. Defendant was placed under oath (Tr. at 12). Defendant stated that he was within the Western District of Missouri on October 15, 2009 (Tr. at 12). At that time, he had previously suffered a felony conviction (Tr. at 12). On October 15, 2009, Defendant possessed three firearms (i.e., the Marlin Model 55, the Stevens Model 107B, and the Mossberg 20-gauge shotgun) (Tr. at

5

12). Defendant possessed the firearms knowingly and knew that doing so was wrong (Tr. at 13). Defendant did not dispute that the firearms had traveled in interstate commerce (Tr. at 13-14).

In his own words, Defendant stated he broke into a residence and stole the firearms described in the indictment with the intent of selling them (Tr. at 13).

10. Defendant had reviewed the plea agreement with his attorney (Tr. at 14). I also reviewed the terms of the plea agreement with Defendant (Tr. at 14-18).

11. All promises made by the government were contained within the plea agreement (Tr. at 14, 18). No one had made any threats or any other promises in order to get Defendant to plead guilty (Tr. at 18).

12. Defendant was satisfied with Mr. Kelly's performance (Tr. at 18). There is nothing Defendant asked Mr. Kelly to do that Mr. Kelly did not do (Tr. at 18). Likewise, there is nothing Mr. Kelly has done that Defendant did not want him to do (Tr. at 18).

13. Defendant is 40 years old (Tr. at 19). He received a GED (Tr. at 19). He did not have any difficultly reading the plea agreement or understanding the proceeding (Tr. at 19). Defendant has no physical or mental health concerns that would prevent him from entering an intelligent and voluntary plea of guilty (Tr. at 19). Defendant was not under the influence of anything that would cloud his ability to intelligently waive his right to a jury trial (Tr. at 19).

14. Defendant tendered a plea of guilty to the crime charged in Count III of the indictment (Tr. at 20).

### V. ELEMENTS OF THE CHARGED OFFENSE

The elements necessary to sustain a conviction for being a felon in possession of firearms include: (1) Defendant was previously convicted of a crime punishable by imprisonment exceeding

6

one year; (2) Defendant knowingly possessed firearms; and (3) the firearms had been in or had affected interstate commerce. United States v. Abfalter, 340 F.3d 646, 654 (8th Cir. 2003); United States v. Boyd, 180 F.3d 967, 978 (8th Cir. 1999); United States v. Horsman, 114 F.3d 822, 824 (8th Cir. 1997), cert denied, 522 U.S. 1053 (1998); United States v. Taylor, 122 F.3d 685, 688 (8th Cir. 1997).

## *V. CONCLUSION*

Based on the above, I make the following conclusions:

1. The district court may lawfully refer this case to a magistrate judge for issuance of a report and recommendation on whether Defendant's guilty plea should be accepted.

2. Defendant has consented to having his plea taken by a magistrate judge.

3. Defendant knowingly and voluntarily pleaded guilty to conduct establishing every element of the crime charged in Count III of this indictment.

Therefore, it is

RECOMMENDED that the court, after making an independent review of the record and the applicable law, enter an order accepting Defendant's guilty plea and adjudging Defendant guilty of the offense charged.

    */s/ Robert E. Larsen*
    ROBERT E. LARSEN
    United States Magistrate Judge

Kansas City, Missouri
June 2, 2010